THE HELEN F. ROBBINS.

DEMAREST et al. v. THE HELEN F. ROBBINS.

(District Court, E. D. New York. March 3, 1893.)

1. SALVAGE—FIRE—VESSEL IN SLIP—TOWAGE—PUMPING—AWARD.

A lighter loaded with cotton having caught fire in a slip, 2 tugs towed her into the stream, where 15 other tugs joined them, and pumped water on the fire, aided later by the city fire boat, until the flames were extinguished. The value of the saved property was some $7,000. *Held*, that $2,000 should be awarded as salvage,—$200 each to the tugs which towed the lighter into the river, and $100 apiece to each of the other tugs.

**2. SAME—ASSAULT BY FIRE BOAT—ADDITIONAL AWARD.**
    When the master of a tug which was assisting in putting out a fire on a lighter was assaulted by means of a stream of water from a fire boat, and injured, *held*, that he should receive an additional award of $100.

In Admiralty. Various suits by the owners of 17 tugs to recover salvage against the Helen F. Robbins. The suits were consolidated on motion. Decrees for libelants.

Wing, Shoudy & Putnam, for libelants.
Carpenter & Mosher, for claimants.

BENEDICT, District Judge. An examination of the evidence produced in these causes has led me to the following conclusions:
    I am of the opinion that the sum of $2,000 is a proper salvage award to be paid by the lighter and her cargo. This sum should be apportioned as follows: To the tug Sadie E. Ellis and the tug Philip Hoffman,—these two tugs being the first tugs at the fire, and by whose exertion the burning lighter was removed from the slip into the stream, where the other tugs could have access to her,—the sum of $200 each is awarded. The evidence does not enable me to determine the relative value of the services rendered by the other 15 tugs who threw water upon the lighter and her cargo after she had been towed into the stream. I therefore find it impossible to make any discrimination between these 15 tugs, as to the value of their services. To each of these tugs, therefore, I award the sum of $100. And I award the sum of $100 to the master of the James T. Easton, who was assaulted by means of a stream of water from a fire boat, and so injured as to be confined to his house for four weeks, and put to an expense of $60 for medical attendance. It would seem that attacks of this character are coming to be a peril incident to the rendition of salvage services to vessels on fire in this port, and, if so, must be considered in determining the amount of the award. The sum awarded each vessel will be distributed as usual,—one-half to the owners, and the rest divided among the crew in proportion to their wages; and the costs of the proceeding must be borne by the claimants.